# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH TROUT, *as the proposed guardian ad litem of minors* D.A., J.G.1, J.G.2, and J.G.3,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MADERA, et al.,<br><br>Defendants. | Case No. 1:22-cv-00867-DAD-SAB<br><br>ORDER FOR SUPPLEMENTAL BRIEFING IN SUPPORT OF PETITION TO APPOINT KEITH TROUT AS GUARDIAN AD LITEM FOR PLAINTIFFS D.A., J.G.1, J.G.2, AND J.G.3<br><br>(ECF No. 3)<br><br>**DEADLINE: AUGUST 19, 2022** |

On July 13, 2022, Keith Trout ("Petitioner"), as the proposed guardian ad litem for minor Plaintiffs D.A., J.G.1, J.G.2, and J.G.3 filed a complaint in this action solely on the minors' behalf (collectively, "Plaintiffs" or the "Minors"). (ECF No. 1.) The complaint seeks to assert claims for constitutional violations and state claims of negligence and gross negligence, wrongful death, privacy violations, and fraudulent conveyance, arising from the murder of the Minors' mother, Calley Jean Garay, by her estranged husband, Julio L. Garay, Sr. Petitioner is the maternal grandfather of the Minors, and father to the decedent Calley Garay. (Trout Decl. ¶¶ 1–3, ECF No. 3 at 4–5.)

Concurrently with the complaint, Petitioner filed a motion to be appointed guardian ad litem for minors D.A., J.G.1, J.G.2, and J.G.3 (ECF No. 3), which is before the Court. For the reasons discussed herein, the Court shall require supplemental briefing in support of the petition.

1

Federal Rule of Civil Procedure 17 provides that a suit by a minor may be brought or defended by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1).  A minor who does not have a duly appointed representative may sue by next friend or a guardian ad litem.  Fed. R. Civ. P. 17(c)(2).

The appointment of the guardian ad litem is more than a mere formality.  U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986).  Rather, Rule 17 requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation.  Id.  "A guardian ad litem is appointed as a representative of the court to act for the [ward] . . . , with authority to engage counsel, file suit, and to prosecute, control and direct the litigation.  As an officer of the court, the guardian ad litem has full responsibility to assist the court to secure a just, speedy and inexpensive determination of the action."  AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. 2015) (internal quotations and citations omitted) (discussing the differences between a "general guardian" and a "guardian ad litem").  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  Id. at 1053–54.  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise . . . or previous relationship with the ward."  Id. at 1054 (citations omitted).  In short, the Court "is under a 'legal obligation' to consider whether the [ward] is adequately protected."  Id. at 1049.

Further, the Local Rules of the Eastern District of California state:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c).

E.D. Cal. L.R. 202(a).

Upon review of the instant petition and supporting declaration, the Court finds

insufficient information and evidence has been presented to appoint Petitioner as guardian ad litem for Minors D.A., J.G.1, J.G.2, and J.G.3.  For example, Petitioner asserts he is authorized to act on behalf of the Minors pursuant to California Code of Civil Procedure § 377.11.  (Trout Decl. ¶ 7.)  This assertion, however, is conclusory.  Section 377.11 refers to the probate code for purposes of intestate succession and survival claims, but it is not apparent from the face of the statute that its application extends to petitions for guardians ad litem.  That is, the aforementioned statute may support a finding that the Minors have standing to bring survival claims against the named Defendants, but it is less clear that the statute supports a finding that a biological relative with no other demonstrated relation to a party with standing to sue is entitled by law to represent that party as a guardian ad litem.  Neither the memorandum of points and authorities nor the supporting declaration identifies legal authority—let alone on-point legal authority—for this proposition, nor facts demonstrating the applicability of § 377.11 to the instant petition.

Nor does Petitioner provide facts adequately describing his relationship with the Minors.  Petitioner's declaration indicates Minor D.A. is in the care of her father Fernando Alvarado and resides in Tennessee.  (Trout. Decl. ¶ 10.)  Thus, it appears Mr. Alvarado is D.A.'s actual guardian.  Similarly, the declaration notes Minors J.G.1, J.G.2, and J.G.3 are "in the temporary care of their half-brother Julio Garay, Jr. and reside in California.  (Id. at ¶ 11.)  In fact, the complaint indicates Child Welfare Services placed J.G.1, J.G.2, and J.G.3 under custody of Julio Garay, Jr., which suggests he is currently their actual guardian.[1]  (ECF No. 1 at 33.)  Thus, it appears Petitioner is not the legal or actual guardian of any of the Minors; indeed, the nature and extent of Petitioner's relationship and involvement in the Minors' lives—beyond being their biological grandfather—is unclear.  As such, Petitioner has not submitted sufficient information

---

[1] The Court notes Petitioner seeks to sue Mr. Garay, Jr., on behalf of the Minors, for personal injury damages arising from allegations of physical abuse against J.G.1, J.G.2, and J.G.3.  (See ECF No. 1 at 33–34.)  An obvious issue this appears to raise is whether it is truly in J.G.1, J.G.2, and J.G.3's best interests to antagonize through protracted litigation their adult guardian, upon whom they are currently dependent for care and support, and how Petitioner intends to maintain a sufficient relationship with J.G.1, J.G.2, and J.G.3 hereafter in order to effectively ascertain and represent their best interests through civil litigation.  Moreover, the Court questions whether, if the allegations are accepted as true, Petitioner has availed himself of any other legal remedies, such as the criminal or family court arenas, to seek to safeguard the best interests of the Minors, and how Petitioner maintains his relationships with the Minors despite their geographical distance from one another.

and evidence to establish he is a "general guardian," a "conservator," or "a like fiduciary," as required of any representative of a minor under Rule 17(c)(1).

Nor does the application or supporting declaration provide any other facts for this Court to consider with respect to Petitioner's "experience, objectivity, and expertise . . . or previous relationship" with the Minors to satisfy the "dedicated to best interests" consideration. AT&T Mobility, LLC, 143 F. Supp. 3d at 1054; see also Coal. of Clergy, Laws., and Professors v. Bush, 310 F.3d 1153, 1159, 1161–62 (9th Cir. 2002) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163–64 (1990)) (noting a "next friend" must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "have some significant relationship with the real party in interest"; and that the more attenuated the relationship, the less likely a petitioner can know the best interests of the party). Indeed, it appears Petitioner resides in North Dakota (see ECF No. 1 ¶ 10(a)), and it is unclear whether Petitioner has any contact with the Minors whatsoever. In short, the Court lacks any context of the current situation between Petitioner and the Minors to be able to ascertain whether Petitioner is in a sufficient position to know and represent the best interests of each of the identified Minors. Coal. of Clergy, Laws., and Professors, 310 F.3d at 1161–62. Therefore, in addressing the Court's order for supplemental briefing, Petitioner should provide information describing in detail the extent and nature of his relationship with each Minor for whom he seeks to be appointed as guardian ad litem, including what role or involvement he plays in each Minor's life, the frequency and manner of Petitioner's contacts with each Minor, what financial or other support, if any, Petitioner provides for each Minor, and/or any other facts demonstrating Petitioner has the requisite "significant relationship" with each Minor. See id. at 1159 ("The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.").

Finally, the Court notes Petitioner appears to suggest that the instant petition should be granted because he was appointed guardian ad litem of the minors in the "parallel" case filed in the Northern District, he "continues to serve as the court-approved guardian ad litem" here. (ECF No. 3 at 3; Trout Decl. ¶ 15); see Trout v. County of Madera (Trout I), No. 21-cv-06061-PJH (N.D. Cal. 2021). However, the instant matter was not transferred from the Northern

District, nor has it been consolidated with or related to the other matter.  Rather, Plaintiffs' prior case was dismissed in the Northern District for improper venue, with no review of the merits of the litigation, and without prejudice to refiling as a new action in the Eastern District.  See Trout I at ECF No. 124 (N.D. Cal. May 6, 2022).  This argument is therefore unavailing.

In sum, without further information or evidence, the Court cannot conclude Petitioner has sufficiently satisfied the requirements of Rule 17 or the Local Rules in establishing he should be appointed guardian ad litem for minors D.A., J.G.1, J.G.2, and J.G.3.  Therefore, Petitioner shall be required to submit supplemental information and/or evidence to address the issues raised herein.

Accordingly, IT IS HEREBY ORDERED that, **no later than August 19, 2022,** Petitioner shall submit supplemental briefing, including any appropriate evidentiary support, in support of his petition to be appointed guardian ad litem for minor Plaintiffs D.A., J.G.1, J.G.2, and J.G.3.

IT IS SO ORDERED.

Dated:   **July 29, 2022**

UNITED STATES MAGISTRATE JUDGE