1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| KEITH TROUT, *as the proposed guardian ad litem of minors* D.A., J.G.1, J.G.2, and J.G.3,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MADERA, et al.,<br><br>Defendants. | Case No.  1:22-cv-00867-ADA-SAB<br><br>ORDER APPOINTING KEITH TROUT AS GUARDIAN AD LITEM FOR MINOR PLAINTIFFS D.A., J.G.1, J.G.2, AND J.G.3<br><br>(ECF Nos. 3, 14) |

17      On July 13, 2022, Keith Trout ("Petitioner"), as the proposed guardian ad litem for minor

18   Plaintiffs D.A., J.G.1, J.G.2, and J.G.3 filed a complaint in this action solely on the minors'

19   behalf (collectively, "Plaintiffs" or the "Minors").   (ECF No. 1.)   Concurrently with the

20   complaint, Petitioner filed a motion to be appointed guardian ad litem for minors D.A., J.G.1,

21   J.G.2, and J.G.3.  (ECF No. 3.)  Finding the petition to be legally and substantively deficient, the

22   Court ordered supplemental briefing on the petition.  (ECF No. 10.)  On August 26, 2022,

23   Petitioner filed the required supplemental briefing (ECF No. 14), which is currently before the

24   Court.

25      Federal Rule of Civil Procedure 17 provides that a suit by a minor may be brought or

26   defended by "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like

27   fiduciary." Fed. R. Civ. P. 17(c)(1).  A minor who does not have a duly appointed representative

28   may sue by next friend or a guardian ad litem.  Fed. R. Civ. P. 17(c)(2).

1

1    The appointment of the guardian ad litem is more than a mere formality.  U.S. v. 30.64

2  Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash., 795 F.2d 796, 805 (9th

3  Cir. 1986).  Rather, Rule 17 requires the Court to take whatever measures it deems appropriate to

4  protect the interests of the individual during the litigation.  Id.  "A guardian ad litem is appointed

5  as a representative of the court to act for the [ward] . . . , with authority to engage counsel, file

6  suit, and to prosecute, control and direct the litigation.  As an officer of the court, the guardian ad

7  litem has full responsibility to assist the court to secure a just, speedy and inexpensive

8  determination of the action."  AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1053

9  (E.D. Cal. 2015) (internal quotations and citations omitted) (discussing the differences between a

10  "general guardian" and a "guardian ad litem").  A guardian ad litem need not possess any special

11  qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf

12  he seeks to litigate."  Id. at 1053–54.  This means that the guardian ad litem cannot face an

13  impermissible conflict of interest with the ward and courts consider the candidate's "experience,

14  objectivity, and expertise . . . or previous relationship with the ward."  Id. at 1054 (citations

15  omitted).  In short, the Court "is under a 'legal obligation' to consider whether the [ward] is

16  adequately protected."  Id. at 1049.

17    Further, the Local Rules of the Eastern District of California state:

18  
19  
20  
21  
22  

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c).

23  E.D. Cal. L.R. 202(a).

24    The Court previously indicated it required additional information and evidence before it

25  could determine whether to  appoint Petitioner as guardian ad litem for Minors D.A., J.G.1,

26  J.G.2, and J.G.3., specifically regarding his relationship with the Minors, potential conflicts of

27  interest, whether Petitioner was the appropriate guardian ad litem in light of the fact that none of

28  the Minors currently reside with him or are under his care and guardianship, or other facts for

1  this Court to consider with respect to Petitioner's "experience, objectivity, and expertise . . . or

2  previous relationship" with the Minors to satisfy the "dedicated to best interests" consideration.

3  (See generally ECF No. 10.)  Having considered the petition for appointment as guardian ad

4  litem for the Minors, the supplemental briefing, and supporting declarations, the Court finds

5  granting the petition is warranted.

6       Petitioner is the father of the late Calley Garay and maternal grandfather of her four

7  children, the Minor Plaintiffs.  (Trout Supp. Decl. ¶ 2, ECF No. 14-5.)  Minor D.A. is the

8  daughter of Calley Garay and Fernando Alvarado.  (Alvarado Decl. ¶ 2, ECF No. 14-1.)

9  Alvarado and Calley separated in 2011, at which time Alvarado took custody of D.A. and Calley

10 had visitation rights.  (Id. at ¶ 3.)  Alvarado moved to Tennessee with D.A. in 2018; they

11 currently reside there with Alvarado's wife and their two sons.  Minors J.G.1, J.G.2, and J.G.3

12 are the children of Calley and Julio Garay, Sr., who was ultimately convicted of Calley's murder.

13 (ECF No. 14 at 4–5.)  While the complaint indicates J.G.1, J.G.2, and J.G.3 were placed under

14 the care and custody of Julio, Jr. by the Madera County Department of Social Services (ECF No.

15 1 at 33), the supplemental briefing and declarations indicate Petitioner filed a request to change

16 court order when the Garay family refused to facilitate visits and placement of J.G.1, J.G.2, and

17 J.G.3 ultimately reverted back to Sarah and Peter Rodriguez in October 2021.[1]  (S. Rodriguez

18 Decl. ¶ 12, ECF No. 14-3; P. Rodriguez Decl. ¶ 12, ECF No. 14-2.)  Sarah Rodriguez is Calley's

19 first cousin.  (S. Rodriguez Decl. ¶ 1.)  J.G.1, J.G.2, and J.G.3 now live with the Rodriguezes and

20 their two daughters in Chowchilla, California.  (S. Rodriguez Decl. ¶ 6; P. Rodriguez Decl. ¶ 6.)

21      Though the Minors do not live with Petitioner, he avers a close, ongoing relationship with

22 the Minors.  For example, when Calley decided to leave Garay, Sr., Petitioner and his wife

23 immediately drove from their residence in North Dakota to California to be with Calley and

24 J.G.1, J.G.2, and J.G.3 and Petitioner spent much time with his grandsons.  (Trout Supp. Decl. ¶

25 7; S. Rodriguez Decl. ¶ 13; P. Rodriguez Decl. ¶ 13.)  Petitioner worked with and supported

26

27 [1] After Garay, Sr. was convicted of Calley's murder, his parental rights were terminated.  Garay Jr.'s custody of the boys has also been terminated and his visitation has been suspended by the Madera County Superior Court.  (Trout. Supp. Decl. ¶ 15.)  Petitioner indicates he intends to seek leave to file an amended complaint to update the current
28 status of J.G.1, J.G.2, and J.G.3's custody.  (Farber Decl. ¶ 2.)

1  Sarah Rodriguez and Sarah's mother to help Calley secure a safe place to stay, food, laundry,

2  medical care, and emotional support during that time.  (id.; Dayton Decl. ¶ 7; S. Rodriguez Decl.

3  ¶ 13; P. Rodriguez Decl. ¶ 13.)   After Calley's death, Petitioner actively participated in the

4  Madera County dependency proceedings concerning J.G.1, J.G.2, and J.G.3 and collateral

5  matters.  (Trout Supp. Decl. ¶ 8.)   He engaged the services of attorney Jessica Dayton to

6  represent his position as grandfather to J.G.1, J.G.2, and J.G.3.  (Id. at ¶ 9.)   Throughout the

7  dependency proceedings, Petitioner was recognized as a significant part of their lives, was

8  included in the dependency proceedings and ultimately granted visitation orders.  (Id. at ¶¶ 8–9.)

9  Petitioner is actively supporting Sarah and Pete Rodriguez's desire to adopt J.G.1, J.G.2, and

10  J.G.3.  (Id. at ¶¶ 14–16; S. Rodriguez Decl. ¶¶ 15–16; P. Rodriguez Decl. ¶¶ 15–16.)   He

11  continues to maintain a close relationship with the boys, visiting as frequently as he can and

12  participating in weekly video calls.  (Trout Supp. Decl. ¶ 13; S. Rodriguez Decl. ¶ 14; P.

13  Rodriguez Decl. ¶ 14.)

14      Finally, Petitioner avers he understands the duties required of a guardian ad litem, has

15  sufficient time and attention to perform those duties, and wishes to pursue the litigation on the

16  Minors' behalf and represent their best interests.  (Trout Supp. Decl. ¶¶ 5–6, 18.)   The legal

17  guardians of the Minors have all indicated they do not seek to become guardians ad litem of the

18  Minors, and unreservedly consent to Petitioner serving as guardian ad litem to each Minor and

19  maintaining the instant litigation on their behalf.  (Alvarado Decl. ¶¶ 8–10; S. Rodriguez Decl. ¶¶

20  7, 17, 19; P. Rodriguez Decl. ¶¶ 7, 17, 19.)   LaDonna Jo Williams, the Minors' only other

21  surviving grandparent also supports and recommends Petitioner's application for appointment as

22  guardian ad litem.  (Williams Decl. ¶ 5, ECF No. 14-4.)

23      Thus, the Court finds that no conflict would preclude Petitioner from serving as a

24  guardian ad litem for the Minors, that he is competent to be the Minors' guardian ad litem, and

25  has no adverse interests to the Minors' claims.  Further, the Court is satisfied Petitioner has

26  demonstrated he meets the "dedicated to best interests" consideration.  AT&T Mobility, LLC,

27  143 F. Supp. 3d at 1054; see also Coal. of Clergy, Laws., and Professors v. Bush, 310 F.3d 1153,

28  1159, 1161–62 (9th Cir. 2002) (quoting Whitmore v. Arkansas, 495 U.S. 149, 163–64 (1990)).

4

1      Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

2          1.      The petition for appointment of guardian ad litem (ECF No. 3) is GRANTED; and

3          2.      Keith Trout is APPOINTED as Guardian Ad Litem for minor Plaintiffs D.A.,

4                  J.G.1, J.G.2, and J.G.3.

5

6      IT IS SO ORDERED.

7      Dated:    **August 29, 2022**    _____

                                         UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28